27 C.C.P.A.(Patents)

### DE SANNO et al. v. LIEB.
### Patent Appeal No. 4182.

Court of Customs and Patent Appeals.

Dec. 4, 1939.

Harry Langsam, of Philadelphia, Pa., for appellants.

Caesar & Rivise, of Philadelphia, Pa. (A. D. Caesar, of Philadelphia, Pa., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is a trade-mark cancellation proceeding in which one of the appellants, Albert P. deSanno, Jr. on September 25, 1935 filed with the Commissioner of Patents a petition for the cancellation of registration No. 274971 for the trade-mark "Tempryte," used upon dental instruments, registered by

Joseph A. Lieb, trading as "Star Dental Mfg. Co.," on September 9, 1930. The statement in the application for registration of the mark filed by appellee Lieb alleged that said mark had been used by the registrant since April, 1920.

The petition for cancellation alleged that petitioner was the owner of said mark and that it was his property prior to April, 1920; that said mark had been continuously used by the petitioner, trading as A. P. deSanno & Son, since 1920 for dental instruments; and that Joseph A. Lieb, doing business as Star Dental Mfg. Co. "without the knowledge and permission of Albert P. deSanno, Jr., registered the trade-mark in the United States Patent Office." The petition contained the usual allegation of injury by reason of said registration.

Appellee's answer denied most of the allegations of the petition and alleged that he was the lawful owner of said mark.

On or about November 7, 1936, appellant Albert P. deSanno, Jr., through his attorney, made a motion under Equity Rule 37, 28 U.S.C.A. following section 723, as follows:

"The Commissioner of Patents:

"Now comes the petitioner, Albert P. deSanno, Jr., by his attorney and respectfully requests that the petition filed October 5, 1936 be withdrawn and the herein motion substituted for the withdrawn motion:

"(1) That the caption of the above entitled cancellation proceedings be amended to read as follows:

"Albert P. deSanno, Jr., trading as A. P. deSanno & Son, and A. P. deSanno & Son, Inc., a corporation of Pennsylvania.

vs.

Joseph A. Lieb (The Star Dental Manufacturing Co., Inc., assignee, substituted.)

"(2) That your petitioner, Albert P. deSanno, Jr., has traded as A. P. deSanno & Son, as is evidenced by the labels, petitioner's exhibits Nos. 1 and 2, filed in the original petition for cancellation.

"(3) That Albert P. deSanno, Jr., is President of A. P. deSanno & Son, Inc., a Pennsylvania corporation, and that Albert P. deSanno, Jr. owns most of the stock of A. P. deSanno & Son, Inc.

"(4) That A. P. deSanno & Son, Inc., intervener, is a real and joint party in interest with Albert P. deSanno, Jr.

"(5) That A. P. deSanno & Son, Inc., is a proper party to a complete determination of the cause.

"It is respectfully requested that the above motion be granted.

"Harry Langsam,
"Attorney for Albert P. deSanno, Jr."

On November 17, 1936 the motion was granted, the Examiner of Interferences stating:

"The motion is granted to the extent that A. P. deSanno & Son, Inc., is hereby permitted to join with the petitioner in this proceeding and will hereinafter be prima facie considered to be a real party in interest within the meaning of Equity Rule 37."

This motion was made and granted after the appellant Albert P. deSanno, Jr. had completed his evidence in chief and appellee had completed its evidence; but after said motion was granted certain rebuttal testimony was taken on behalf of appellants, both of whom were represented by the same counsel.

The appellant A. P. deSanno & Son, Inc. filed no petition for cancellation, nor was the original petition for cancellation amended in any way other than in its caption. The allegations of said original petition do not mention in any way the appellant A. P. deSanno & Son, Inc.

Upon final hearing the Examiner of Interferences held that it had not been established that the petitioners owned and were using the mark at the time the petition for cancellation was filed, and therefore dismissed the petition.

Upon appeal the Commissioner of Patents affirmed the decision of the Examiner of Interferences. In his decision the commissioner expressed doubt as to whether A. P. deSanno & Son, Inc. had become a party to this proceeding by the granting of the motion above referred to. He also expressed the opinion that there was an obvious misjoinder of petitioners, but stated that he found it unnecessary to determine that point as a factor in his decision. The commissioner further stated in his decision:

"As already noted, the petition alleges that Albert P. deSanno, Jr., is the owner of the trade-mark in question, and that he has used it continuously since 1920. There is no averment that A. P. deSanno & Son, Inc., has ever used the mark, or that it has any interest therein, or that it is or will be injured by the registration sought to be canceled. In other words, regardless of what may be established by the evidence, the facts set forth in the petition are manifestly insufficient to support a judgment in favor of the corporation. It appears, how-

ever, from the testimony of his own witness Haddock, that some two years before the commencement of this cancelation proceeding the petitioner deSanno transferred to A. P. deSanno & Son, Inc., any rights he may theretofore have possessed in the trade-mark; so that upon the record he is in no better position than is the corporation.

"Because no facts are pleaded entitling A. P. deSanno & Son, Inc., to relief, and the evidence submitted in his behalf conclusively negatives the alleged rights of Albert P. deSanno, Jr., the petition for cancelation should have been dismissed without regard to the validity of the Lieb registration."

■ We are fully in accord with the views of the commissioner above quoted.

As stated by the commissioner, there is no allegation in the petition for cancellation that appellant A. P. deSanno & Son, Inc. was, at the time of filing the same or at any other time, the owner or had any interest in the involved trade-mark. The testimony on behalf of appellants affirmatively shows that A. P. deSanno & Son, Inc. was incorporated in 1933, and that on August 1, 1933, deSanno, Jr., trading as A. P. deSanno & Son, transferred all his property and assets to said corporation. This transaction took place more than two years before the petition for cancellation was filed, so that it is clear that deSanno, Jr. as an individual had no legal interest whatever in this proceeding; and as stated there is no averment in the petition that the corporation has ever used the mark or has any interest therein, or that it is or will be injured by the registration sought to be cancelled.

The testimony shows that deSanno, Jr., owns 95 per cent of the stock of the corporation A. P. deSanno & Son, Inc., and appellant's counsel insists that this fact qualifies him to bring this proceeding since, he being the principal stockholder, it is clear that he is or will be injured by appellee's registration.

In other words, appellants contend that the principal stockholder of a corporation may file a petition for cancellation of a trade-mark where such corporation claims to own the trade-mark involved. We cannot agree with this contention. The fact that an individual is the chief stockholder of a corporation can give him no right to act for the corporation.

■ The statute clearly contemplates that only a party who has the right to the use of a trade-mark may prosecute in the Patent Office an application for the cancellation of the registration of such trade-mark to another. This was directly decided in the case of Standard Brewery Company v. Interboro Brewing Company, 44 App.D. C. 193.

In Trade-Marks by Shoemaker, section 322, it is stated:

"The person applying for cancellation must be one exercising some right inconsistent with the right of exclusive use of the trade-mark claimed by the registrant and such that the continuance of the mark on the register will react to his injury. * * *"

In the case at bar it is established that deSanno, Jr., having transferred all his assets to the corporation, was not at the time of filing his petition for cancellation exercising any right whatever with respect to the mark sought to be cancelled. See, also, Kelly Liquor Company v. National Brokerage Company, Inc., etc., 26 C.C.P.A., Patents, 1110, 102 F.2d 857.

We are clear that upon the record before us the petition for cancellation should be dismissed for the reasons above stated.

■ The commissioner also found upon the merits that appellee was the first user and owner of the trade-mark here involved.

The commissioner very properly made a finding upon this issue, but in view of our conclusion upon the other issue we find it unnecessary to consider it.

For the reasons stated the decision of the commissioner is affirmed.

Affirmed.